16-3497(L)
*Ruocco v. Hemmerdinger*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of October, two thousand seventeen.

Present:
> GUIDO CALABRESI
> DEBRA ANN LIVINGSTON,
> > *Circuit Judges*,
> JED S. RAKOFF,
> > *District Judge*.*

———————————————————————

FRANK M. RUOCCO, JR., BORIS A. TOMICIC,

> *Defendants-Appellants*,

WILLIAM S. MCCAMBRIDGE, EARTH TECHNOLOGY, INC., RECYCLE TECHNOLOGY, LLC,

> *Defendants*,

> v.                                                                 16-3497; 16-3499

HEMMERDINGER CORPORATION, DBA ATCO,

> *Plaintiff-Appellee*.

———————————————————————

———————————————

* Judge Jed S. Rakoff, of the United States District Court for the Southern District of New York, sitting by designation.

1

For Defendant-Appellants:    ROBERT M. CASALE, Law Offices of Robert M. Casale, Guilford, CT (Wesley R. Mead, Astoria, NY, *on the brief*)

For Plaintiff-Appellee:    BALESTRIERE FARIELLO, New York, NY

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendants-Appellants Frank M. Ruocco, Jr. ("Ruocco") and Boris A. Tomicic ("Tomicic") appeal from a June 6, 2016 judgment of the United States District Court for the Eastern District of New York (Kuntz, *J.*) in favor of Plaintiff-Appellee Hemmerdinger Corporation, DBA ATCO ("Hemmerdinger"), entered after a jury trial, and also from the September 19, 2016 denial of Ruocco and Tomicic's post-trial motions for judgment as a matter of law or a new trial. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

In the early 2000s, Hemmerdinger hired a general contractor to redevelop an industrial park that it owned into a shopping mall. The general contractor hired sub-contractor Earth Technology, Inc. ("ETI") to excavate the soil underlying the site. Under the terms of ETI's contract, Hemmerdinger would compensate ETI for all costs associated with the project, plus 15%. ETI soon learned that much of the soil was contaminated, which would significantly increase the soil disposal costs. This dispute arose when Hemmerdinger concluded that Ruocco, ETI's owner, and Tomicic, the manager for this project, exaggerated these costs even more. Ruocco and Tomicic engaged Recycle Technology, a company owned by Ruocco, Tomicic, and William S. McCambridge ("McCambridge"), to dispose of the soil on ETI's behalf. Hemmerdinger brought suit, charging that Recycle Technology did no work: ETI just conspired

2

with Recycle Technology to submit invoices to Hemmerdinger that inflated disposal expenses, thereby increasing ETI's profits.

Hemmerdinger sued ETI, Ruocco, Tomicic, Recycle Technology, and McCambridge raising a claim for state law fraud ("Claim One"), a substantive claim under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(c) ("Claim Two"), and a claim for conspiracy to violate RICO, § 1962(d) ("Claim Three"). The jury found Tomicic and McCambridge liable for fraud (Claim One), and concluded that Ruocco, ETI, Tomicic, and Recycle Technology had participated in a RICO conspiracy (Claim Three). The court entered judgment on June 6, 2016. Ruocco, ETI, and Tomicic then filed post-trial motions for judgment as a matter of law and a new trial. When these motions were denied, Ruocco and Tomicic filed a timely notice of appeal.

\*　　\*　　\*

On appeal, Ruocco and Tomicic challenge the jury verdict and denial of the post-trial motions on two grounds. They argue first that the jury verdict was inconsistent, and second that the district court's jury instruction as to the RICO conspiracy claim (Claim Three) was flawed. They assert that both alleged errors entitle them to relief. We disagree.

Addressing the inconsistent verdict claim first, it rests in part on the jury's written answers on the verdict sheet. The verdict sheet, which Judge Kuntz approved after a charge conference with both parties, asked a series of "Yes/No" questions for each of Hemmerdinger's three claims. The questions drew attention to the elements of each claim, which parties were liable, and the appropriate amount of damages. For our purposes, the following sections of the verdict form, as filled out by the jury, are relevant:

3

**Claim Two – Racketeer Influenced and Corrupt Organization Act (RICO) 18 U.S.C. § 1962(c) (Against all Defendants)**

1. Did a civil RICO enterprise exist among the defendants? (Select one)
         ☐ YES                 ☑ NO

If the answer to question 1 is YES, move on to question 2. If the answer to question 1 is NO, do not move on.

. . .

**Claim Three – Racketeer Influenced and Corrupt Organization Act (RICO) 18 U.S.C. § 1962(d) (Against all Defendants)**

1. Was there an agreement among two or more persons to participate in an enterprise that would affect interstate commerce through a pattern of racketeering activity? (Select one)
         ☑ YES                 ☐ NO

If the answer to question 1 is YES, move on to question 2. If the answer to question 1 is NO, do not move on.

2. Did a defendant knowingly and willfully become a member of the enterprise? (Select "yes" or "no" for each defendant)

| | | |
|---|---|---|
| Earth Technology: | ☑ YES | ☐ NO |
| Frank M. Ruocco, Jr.: | ☑ YES | ☐ NO |
| Boris Tomicic: | ☑ YES | ☐ NO |
| Recycle Technology: | ☑ YES | ☐ NO |
| William McCambridge: | ☐ YES | ☑ NO |

Ruocco and Tomicic assert that the jury's answer to Claim Two, Question One was inconsistent with its finding of liability as to Claim Three (RICO conspiracy). They also assert that a jury may not find defendants liable for a RICO conspiracy after it has expressly found that a RICO "enterprise" does not exist. In answer to Claim Two, Question One, according to Ruocco and Tomicic, the jury affirmatively indicated that there was no civil RICO enterprise "among the defendants."

Ruocco and Tomicic argue, in addition, that a RICO conspiracy claim cannot succeed unless at least one defendant is found liable for a substantive RICO offense, so finding liability for Claim Three (§ 1962(d), RICO conspiracy) but not Claim Two (§ 1962(c), a substantive

4

RICO offense) is inconsistent. One additional fact from the trial is relevant with regards to this argument. During deliberations, the jury submitted the following question to the judge to clarify the verdict form: "are claim two and claim three independent of each other as in the defendants can be found guilty of claim three, irrespective of the outcome of claim two?" J.A. at 754. The court answered "yes" after Ruocco's attorney said that the answer was yes, he confirmed that choice, and no other party objected.

As to the jury instruction claim, Ruocco and Tomicic assert that the district court's instructions regarding Claim Three (RICO conspiracy) were flawed. They first take issue with the instruction that, to find a RICO conspiracy, the jury need not find that a RICO "enterprise" existed, just "that if the objective of the conspiracy had been achieved, the enterprise would have been established." Ruocco and Tomicic insist that for civil RICO conspiracy, a jury must find that an enterprise did exist, not that it would have existed if the conspiracy came to fruition. Ruocco and Tomicic both acknowledge, however, that the instruction to which they object is taken from Leonard B. Sand, et al., *Modern Federal Jury Instructions, CIVIL*, #84-35 (Lexis 2016), and that they did not raise this challenge either during the district court's charge conference or in their post-trial motions.

\*       \*       \*

To set aside a verdict as inconsistent, the moving party must show "the special verdict answers [are] 'ineluctably inconsistent.'" *Munafo v. Metro. Transp. Auth.*, 381 F.3d 99, 105 (2d Cir. 2004) (emphasis removed) (quoting *Tolbert v. Queens Coll.*, 242 F.3d 58, 74 (2d Cir. 2001)); *see also Brooks v. Brattleboro Mem'l Hosp.*, 958 F.2d 525, 529 (2d Cir. 1992) (noting courts "must adopt a view of the case, if there is one, that resolves any seeming inconsistency." (internal quotation and citation omitted)). Further, "endorsement [of a jury charge] might well be

5

deemed a true waiver, negating even plain error review." *United States v. Hertular*, 562 F.3d 433, 444 (2d Cir. 2009); *see also Kosmynka v. Polaris Indus., Inc.*, 462 F.3d 74, 83 (2d Cir. 2006) ("It is well established that a party waives its objection to any inconsistency in a jury verdict if it fails to object to the verdict prior to the excusing of the jury."). And when a party challenges jury instructions after having failed to do so at trial, "we review for plain error." *Rasanen v. Doe*, 723 F.3d 325, 332 (2d Cir. 2013); *see also Jarvis v. Ford Motor Co.*, 283 F.3d 33, 56 (2d Cir. 2002) ("Objection to an inconsistency between two general verdicts that is traced to an alleged error in the jury instruction or verdict sheet is properly made under Fed. R. Civ. P. 51. Yet to avail itself of relief under this Rule, a party must object before the jury retires to deliberate.").

As to the claim that the verdict was inconsistent, we disagree. Assuming *arguendo* that Defendants-Appellants' legal argument has merit, the verdict form is not "ineluctably" inconsistent because the jury did not find, despite Ruocco and Tomicic's insistence to the contrary, that no enterprise existed. The jury may have interpreted Claim Two, Question One as asking whether there was an enterprise among *all* the defendants. The question did not use the word "all," but the title of Claim Two on the verdict sheet refers to "all defendants." Further, in Claim Three, Question Two, the jury checked off that four of the five defendants were involved in an "enterprise," suggesting that they found an enterprise among those four. Even if this is not the best "view of the case," we must adopt it because it "resolves any seeming inconsistency." *Brooks*, 958 F.2d at 529.

As to Defendants-Appellants' second attack on the consistency of the jury verdict, it has been waived. Below, Ruocco told the court that it could instruct the jury that Claims Two and Three are completely independent of one another, and Tomicic raised no objection. In such

circumstances, they cannot now argue that liability as to Claim Three depends on Claim Two. Their endorsement of the district court's instruction was "a true waiver, negating even plain error review." *Hertular*, 562 F.3d at 444.

Finally, the challenge to the district court's Claim Three jury instruction also fails. In the absence of an objection, we review for plain error. *See Rasanen*, 723 F.3d at 332. We have held that when, as here, a trial court based jury instructions on pattern jury instructions that reflect our current law, there is no plain error. *See United States v. Fore*, 169 F.3d 104, 109 (2d Cir. 1999). The *Modern Federal Jury Instructions* supplied the very language that Ruocco and Tomicic now object to, and they have not cited any authority that plainly shows the *Modern Federal Jury Instructions* were incorrect.

\* \* \*

We have considered Ruocco and Tomicic's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk